# NO. 12-19-00370-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GREGORY D. HOLMAN, D/B/A DNA AUTO TRUCKING,* **APPELLANT** | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *HIBBS-HALLMARK & COMPANY,* **APPELLEE** | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

On November 7, 2019, Gregory D. Holman, d/b/a DNA Auto Trucking, filed a notice of appeal from a judgment dated October 7, 2019.

Under the rules of appellate procedure, the notice of appeal must be filed (1) within thirty days after the judgment is signed absent a timely filed post judgment motion, or (2) within ninety days after the judgment is signed if a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate under Rule 165a, or request for findings of fact and conclusions of law that are either required by the rules or, if not required, could be properly considered by the appellate court. *See* TEX. R. APP. P. 26.1(a). The record does not indicate that Appellant filed a motion for new trial, motion to modify, motion to reinstate, or request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a). Thus, Appellant's notice of appeal was due on or before November 6. Appellant filed his notice of appeal on November 7, making it untimely.

Rule 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. On November 8, this Court notified Appellant that the information received in this appeal does not show the jurisdiction of this Court, i.e., there is no timely notice of appeal. *See* TEX. R. APP. P. 26.1, 37.1. However, Appellant was further notified that, pursuant to Rule 26.3 and *Verburgt v.*

***Dorner***, 959 S.W.2d 615 (Tex. 1997), we would imply a motion to extend time for filing the notice of appeal. We informed Appellant that Rule 26.3 requires a motion complying with Rule 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3(b). Thus, we notified Appellant that the appeal would be dismissed for want of jurisdiction unless on or before November 21, 2019, Appellant informed this Court, in writing, of facts that reasonably explained his need for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 42.3. The deadline for responding to this Court's notice has expired, and Appellant has not responded to the notice.

Because this Court is not authorized to extend the time for perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3, the appeal is ***dismissed for want of jurisdiction***. *See* TEX. R. APP. P. 42.3(a).

Opinion delivered December 4, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 4, 2019**

**NO. 12-19-00370-CV**

**GREGORY D. HOLMAN, D/B/A DNA AUTO TRUCKING,**
Appellant
V.
**HIBBS-HALLMARK & COMPANY,**
Appellee

Appeal from the County Court at Law No. 2

of Smith County, Texas (Tr.Ct.No. 70223-A)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*